IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BETH ANNE DONALDSON**                                              **PLAINTIFF**

v.                                                    CAUSE NO. 1:12CV397-LG-JMR

**DOMINIC J. OVELLA**                                                **DEFENDANT**

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

**BEFORE THE COURT** is the Motion to Remand [8] filed by Beth Anne Donaldson.  She alleges that the amount in controversy is not satisfied in this lawsuit.  The defendant Dominic J. Ovella has filed a response in opposition to the Motion to Remand, and Donaldson has filed a reply.  Upon reviewing the submissions of the parties and the applicable law, the Court finds that the Motion to Remand should be granted.

### FACTS AND PROCEDURAL HISTORY

Beth Anne Donaldson filed a Complaint against Dominic J. Ovella in the Circuit Court of Harrison County, Mississippi, First Judicial District.  She asserts claims of malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress.  In her Complaint, Donaldson asserts, "Ovella's wrongful filing and prosecution of the Ovella Lawsuit causes and continues to cause Beth Donaldson monetary and emotional distress damages in an amount less than $75,000." (Compl. at 3, ECF No.1-2).   In the ad damnum clause of Donaldson's Complaint, she states:

> Beth Anne Donaldson demands for [sic] a verdict and judgment
> against Ovella for the following relief:
> a.  All monetary losses related to the fining [sic] and defense of the

> Ovella Lawsuit;
> b. Court costs and expenses;
> c. Emotional distress;
> d. Punitive damages;
> e. Prejudgment and post-judgment interest; and
> f. Any and all other legal and equitable relief deemed appropriate by the Court, all in an amount of less than $75,000.00.

(*Id.* at 5). Ovella removed the case to this Court, and Donaldson has filed the present Motion to Remand.

## DISCUSSION

28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the civil action is between citizens of different states. The burden is on the party who removed the case to federal court to demonstrate that federal jurisdiction exists. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Generally, in cases where the plaintiff has pled a specific amount of damages in the complaint, the amount of damages pled remains presumptively correct unless the defendant can prove by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. *Id.* at 1412. If the defendant makes this showing, the burden shifts back to the plaintiff to "show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." *Id.* at 1411. The jurisdictional facts supporting removal must be judged at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Post-removal affidavits may be

considered in determining the amount in controversy at the time of removal only if the basis for jurisdiction is ambiguous at the time of removal. *Id.*

In Donaldson's Complaint, she attempted to plead damages in an amount less than $75,000. Ovella removed the case to this Court after Donaldson served requests for admissions asking Ovella to admit that Donaldson is entitled to $150,000 in punitive damages. In addition, Donaldson, along with her business partners who have filed separate lawsuits against Ovella, submitted a joint settlement demand of $200,000 that allegedly did not include their punitive damages claims. In support of her Motion to Remand, Donaldson has now filed an affidavit that states, "I do not intend to seek nor will I accept any damages, inclusive of punitive damages, in excess of $75,000.00 exclusive of interests or costs." (Pl.'s Reply, Ex. A, ECF No. 14-1).

The Court finds that the amount in controversy was not clear at the time of removal. In her Complaint, Donaldson had attempted to assert damages in an amount less than $75,000.00, but it was unclear whether the demand for damages included her claim for punitive damages. This confusion was further complicated by her subsequent communications with Ovella. This Court accepts Donaldson's affidavit as clarification of the amount in controversy as of the time of removal. Since Donaldson has clearly and unequivocally stated under oath that she is not seeking and will not accept damages in excess of $75,000, this Court finds that it is certain that Donaldson cannot recover damages exceeding the jurisdictional amount. The amount in controversy is not satisfied in this case, and Donaldson's

Motion to Remand must be granted.

## CONCLUSION

Because the amount in controversy is not satisfied in this case, Beth Anne Donaldson's Motion to Remand is granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Remand [8] filed by Beth Anne Donaldson is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that a certified copy of this order of remand shall be immediately mailed by the Clerk of this Court to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 18th day of March, 2013.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE